Good morning, Your Honors. May it please the Court, my name is Carol Edward and I'm here today representing Mr. Mateo Cortez-Pineda. He is a native and citizen of El Salvador and this is a case, an immigration case, that arises from an appeal from an immigration judge and the Board of Immigration Appeals with two forms of relief sought. One was asylum and the other was NACARA. I appreciate the Court's request for us to address the judicial admission question. I do agree with the Court that that is the principal issue in this case and which is should the immigration court in this setting with this scenario be required to follow the rule of law regarding judicial admissions and should the Board of Immigration Appeals and the immigration court be held to the same standard on judicial admissions for the government as for a respondent. In the Secor case, the question was about an explanation for an admission that was made in an initial pleading and the Court allowed the plaintiff to explain what they meant in the pleading through the summary judgment motion response. And this Court has also considered a similar issue in Hacopian, I apologize if I'm saying the name wrong, and I realize that that was similar but not exactly the same. When I say it's similar, the reason it's different in Hacopian, the question was when an issue wasn't even raised as to the one-year eligibility under asylum that's the plaintiff's burden to establish, is that a judicial admission? And in that decision it also suggested that the case might have been different had there been some kind of warning that the issue was, that it was at issue. Well, I think I was on the Hacopian panel. Yes. And so I think at least my recollection is that the government alleged the date of entry in a notice to appear and that they didn't later ever say that it was not the right date. There was no controversy about the date, but the IJ ended up discrediting the immigrant because she didn't bring in corroboration of the date of entry. Yes. And so I thought that Judge Bea's opinion pretty much just said that they couldn't ask for corroboration of something the government had alleged and never questioned. Right. But this case seems, without saying how I think it should be assessed, it seems like it's a totally different kind of problem where the government says, yeah, that was not the right date of entry, that was an error, and they put that on the table. And I would agree with your assessment of that, but I would also state that what a judicial admission says is that if the government makes a specific allegation, which they did in this case, on the notice to appear, which is equivalent to the complaint, and it said that he entered on June 1, 1990, that was a statement of fact alleged by the government, and the respondent appeared and he admitted that fact and conceded removability. And at that point, the government, when another issue came up and when they had a different date that they wanted to argue, they had the means of doing that. They had the ability to amend that pleading, and there's a specific regulation that states how they're supposed to do it. So you think that the INA should follow its own regulations in the process that's been established? Yes, I do. And that's what I'm asking for. I think that in this case, when they wanted to challenge the date, they had the power to make this charge, and they could have done so, but they didn't follow the rules. And because they didn't follow the rules, this case, he was essentially denied his ability to file for NACARA. So you're arguing that they, I guess ICE should have amended the original notice to appear. Yes. And the fact that they didn't amend it when they should have means that the evidence of the subsequent ICE officers should not have been admitted. Correct. I would agree with that. Well, I'm trying to outline your argument because, frankly, from the other side, I find the fact that there was testimony that was deemed credible that the actual date of injury was something else is persuasive, and it does distinguish this case from Hickopian and Sinopean. So, but, I mean, if you're saying the process trumps that and that testimony shouldn't have even come in at all, that's a different kind of an argument. Right. If the government had wanted to bring in that testimony, and, of course, they made a motion and the judge granted the permission to present this evidence, that at that point they had to amend the charges. They had the ability to do that. They do do that in other cases, and for some reason they chose not to do that. And if you look at the Board of Immigration Appeals cases, and if you look at specifically Velazquez, which is a case that we cited in our brief, when the shoe is on the other foot and you're still in the middle of proceedings, just like this case, and the person, the respondent, he comes in and says, I want to withdraw my plea because I want to file a motion to suppress because this was improperly done and I should have this opportunity, that that is not permitted, even though it's still in the same hearing at the same time and it's truly no different circumstances that were presented here. And in that case the judge simply said, no, we are not going to allow you to amend the pleadings. We had a government attorney arguing earlier this week that an immigrant should be deemed not credible because they failed to amend their asylum application. So I realize that the government takes different positions in these cases. I wonder, though, whether or not, although the government is bound by its pleadings, the term judicial admission has been variously defined as an admission binding on the parties and also defined as binding on the court. It's that last definition, though, that I wonder about. In other words, is the judge disarmed by virtue of the pleadings from raising as a judicial officer the truth of both sides, the admission as well as the charge? Does the judicial admission, in other words, bind the court so that the court can never raise for purposes of adjudication a question that the parties have conceded? I do believe that it is binding. It's not just binding on the parties, it's binding on the court and it's binding on the court of appeals. If a fact has been established by judicial admission, it is binding on the parties, on everyone. And that's the whole point of it. And in this case they could have avoided it. That's the other issue, is that in the middle of this processing, while the evidentiary hearing was ongoing, they could have easily amended the charges and we would not have the result that we have today. Well, what happened, as I understand it, in the proceeding is that questions were asked of the petitioner based upon some inconsistencies between statements in his initial asylum petition and statements that were made in the amended asylum petition where he saw it special status. And so the questions were asked, how do you reconcile these dates? There was no objection at that point, that that's irrelevant. And so the judge started to hear about this inconsistency and the judge then said we need to have a fuller hearing and the government said we'd like to present more evidence on it. So your argument is the judge made a mistake in having further proceedings once the evidence was presented? Once the pleading was made and once the NTA was filed and the respondent acknowledged that, admitted the factual allegations and conceded removability, at that point that issue was finished. And at that point I don't think they could have made an amendment, but in terms of without the formal amendment. When the judge hears Mr. Cortez Pineda say I was persecuted in El Salvador by certain events and he says they occurred after the date of entry that's in the notice to appear, you're saying the judge can't hear that? I'm not saying the judge... What was the judge supposed to do? I'm very specific. When the judge heard that testimony, what was he supposed to do? Well, what he could have done, and I'll tell you they often do, which isn't part of this record, but the judge will say to the government you should amend the pleadings in this case. Are you saying that the judge was required to do that? I thought you had to tell the government if you don't amend the pleadings then I'm striking this testimony to not consider it. Yes. Okay, was there an objection to that testimony being considered? I think not because it was the petitioner who offered the testimony. The government produced the witnesses that contested the date. They asked him what date of entry he had. If you're talking about the asylum application inconsistencies between when did this incident occur, is that what you're talking about, Your Honor? Okay. And I believe in the transcript it says that there was in late 1990 something happened in El Salvador and he had already conceded that June 1990. I think that the court can look at that issue in terms of impeachment. I think he can consider that in terms of credibility issues, but I do not think that he can look at that issue in terms of whether or not someone is eligible because it is a judicial admission, it is a fact, it is finished as far as that is concerned. Okay, thank you. Thank you. All right, thank you, counsel. Mr. Heiss? Good morning, Your Honors, and may it please the Court. DHS cured the judicial admission of Cortez-Penana's entry date in this case and substantial evidence supports the adverse credibility finding. Petitioner's main argument, repeated here today as stated in their brief, is that DHS should not have been allowed to do so, should not have been allowed to present evidence to cure this judicial admission. But that is precisely what happened in SECOR. And it's important to note that SECOR, as a plaintiff in that matter, did not amend its complaint. It was allowed to recharacterize. Isn't that the difference? In other words, in SECOR there was an explanation as to what the meaning of the words. Here is a total change in the dates. There's not an explanation as to why September meant June. It was a difference in substance, wasn't there? It's still a question of whether or not a fact is to be taken for what it is. In that case, SECOR said that it was complaining that pursuant to an oral agreement, its contract partner needed to fully litigate an antitrust claim against a third party. And that was found to be against public interest to allow parties to seek settlement. SECOR later clarified what it meant, that it could certainly still settle the case. Its defendant in that case could still settle the matter, but they wanted them to more aggressively litigate before agreeing to settle. Or protect its interest is what it was explaining. Right, right. And the critical point here, and as Your Honor referenced, that yes, there are procedures for amending the notice to appear. But critical in immigration cases, for DHS's removability purposes, to show that an alien is removable, the date of entry doesn't matter. The typical course now is that DHS will leave that blank. That will just say unknown. When an NTA is amended, it's as to the charges. But this case concerns special cancellation of removal, where there does have to be a date of entry, right? Yes, that doesn't matter. Let me give you something else, though, to hang your argument on. What do you think our court meant in Hacopian and Senefian when it said that, in both cases it said the government never moved to amend its notice to appear with respect to or otherwise contest? Precisely, Your Honor. It's the or otherwise contest. So what do you think we meant by that? It meant to give the, put the alien on notice that this was an issue. The problem in Hacopian and Senefian and also in Dabo and Baca, I believe Your Honor was on the panel in both of those cases. The alien in that case just had no notice that this was going to be a problem. But here we have an entire separate proceeding on the issue of entry. The issue of a conflicting entry date was first raised in June 2006. Department of Homeland Security submitted a memo on July 17, 2006, that its entry date was alleged. Okay, wait a second. So when was the first hearing before the IJ? First hearing before the immigration judge was May 16, 2006. That's when the admission was made as to the notice to appear. All right. And then when did the government first give Cortez Pineda notice that it was going to contest that date? June 30th. That would be administrative record page 86, I believe. And that was in the form of what? That was the memo? Actually, it was during his cross-examination that the conflict came up. And then at that point, the immigration judge basically stopped the proceedings and said, wait a minute, we're going to need to figure this out. The immigration judge had suggested he would grant the case, but for this inconsistency. And it's a critical point where there's an admission made in separate federal proceedings that he entered on a separate date. And, in fact, he admitted in his own testimony that he, yes, told those federal agents I entered in January of 1991. That was page administrative record 187. So counsel, so help me out here. I'm just trying to get all the wrinkles of this case out. So the first time that he was aware that the government was going to contest was when he was being cross-examined after giving his testimony, his direct testimony? It became an issue of his credibility. So do you think that's adequate notice when you're surprised by this on cross-examination? Well, it's critical that at that point the proceedings took a different course. And there was a five-month separation. That they stopped and allowed him to gather evidence? Yes. You think that cured any problem that would arise from that? Yes. The critical point is that the Department of Homeland Security, July 17th, submitted a memo that says that his entry date is now alleged and in dispute and that it intends to proffer more evidence. Is that what you are arguing is the amendment to the petition? It's not necessarily a notice. Amendment to the notice? It's akin to the re-characterization. But this is a formal proceeding. The pleadings set the issue in dispute. Is it your position that if the parties concede a point and that position is not in dispute before the judge, during the course of the proceedings, the government can nevertheless raise that conceded issue and litigate it? If it becomes clear that that concession was in error. Then don't you need to back off and put that formally in issue before the court by pleadings? It did. That was the memorandum. But that's not a pleading, is it? A memorandum submitted to the immigration court is a pleading. It looks like a pleading in the record. Well, I draw a distinction between the pleadings and motions, for example. In other words, in our civil litigation, we've sort of likened this notice of a hearing to a complaint. And there are lots of papers that are filed in the course of civil proceedings, but only one complaint or an amendment to the complaint. And so statements made during the course of motions don't necessarily constitute the pleadings. They're simply papers. You would have us find that any memorandum filed in the course of the proceeding constitutes an amendment to the pleadings? That's the language of Huckabee. As Judge Wardlaw suggested, it's or otherwise. Let me ask a question, counsel, that's on a slightly different tack. And just let me know if I'm off base procedurally. But, okay, the pleadings, you've got a notice to appear and a response to that. Then you're having a hearing. Then the judge, when the inconsistency surfaces in the cross-examination, the judge sets another hearing, right? Then you have another hearing. And at the other hearing, the evidence comes in, correct? Correct. Okay, well, maybe things have changed since the 70s and 80s and 90s when I was trying cases. But it used to be that often pleadings were amended by the proof that was admitted at trial. Like if evidence came in without objection, it would be considered that the pleadings were deemed amended by the ‑‑ And so what I'm wondering here is, are the pleadings amended by the subsequent hearing, which brings all the evidence out and which, as I understand it, petitioner didn't object to that hearing. Is that right? Correct. Well, no, that's not correct. There was an objection by the petitioner by saying, Your Honor, this is the June date has been conceded. That was sufficient to raise an issue, wasn't it? That, indeed, the date had not been ‑‑ there was an objection. Actually, you are correct, Your Honor. There was a discussion of whether or not ‑‑ Now, this can't fit within amendment according to proof because the heart of that doctrine is there is no objection. No objection, okay. So just ‑‑ I want to be clear which memo you're talking about. I have several memos from the government, but I don't actually have one that has ER 303 on it. 383. 383. Would you tell me just what it says at the top or what it's entitled? This is the pleading, if I may. I'm not supposed to submit evidence before the court. It is in the record over at page 383. United States Department of Justice, EOR, Immigration Court, in removal proceedings before Immigration Judge Kenneth Josephson, government memorandum, the language states the government has contacted several case agents and is awaiting further documentary evidence regarding the respondent's alleged date of entry into the United States. The government requests further evidentiary hearing to present the testimony of the case agents. I don't know this law that well. If the June date had stood, would the question of his susceptibility to torture or abuse have still been an issue? I believe that's actually two separate issues. But would the petitioner still have to prove that he was subjected to that kind of treatment? And so if the date had stood as June, he still would have to meet his burden on that, or would the June date have obviated any need for him to show that? No. There's two requests for relief here. There's special rule cancellation, which required an entry date prior to September 19, 1990, but also that's still discretionary in and of itself. I'll address that in a second. With respect to issues of persecution, torture, and what have you, that's his asylum application, for which, again, he bears the burden of proof on both. So what's wrong with having to go back with a new pleading, with a new date, and have the adjudication? Why wouldn't that work? There's nothing wrong with it. It's certainly an option for DHS to amend the notice to appear. It certainly could have, but it didn't need to. And that's what Huckabee and states, is that it's or otherwise contest. It doesn't specifically require pleading. In this case, we happen to have what looks to me to be a pleading. I'm not necessarily certain it counts. It's at least a memorandum. It puts the alien on notice, is the critical point, that this is going to be a problem. And the most critical point is that as to relief from removal of any kind, the alien always bears the burden. DHS doesn't need to allege when someone came into the United States. That's not their point. They did. I mean, we're beyond that. Yes, they did. So wait, special rule cancellation, what does that give him that his regular asylum withholding and CAT claims for relief give him? It puts him in a very special position, actually. It allows him to seek cancellation of removal under the rules prior to the enactment of ERIRA. So basically he can seek cancellation based on hardship to himself rather than having to have a qualifying relative. Okay. So we could actually affirm the IJ's adverse credibility decision on the other claims and he could still be eligible for special rule cancellation because you would then be... He'd be statutorily eligible. Right, statutorily eligible. But he wouldn't necessarily get it because he's admitted that he lied to federal agents. No, I realize that. I'm just asking because we've got to worry about the next case and what principle of laws are going to apply this whole notion of judicial omission and how it's cured or contested. What do we mean by otherwise contested? Exactly, precisely, Your Honor. Okay. So I just wanted to know the real practical consequences. Certainly. Decision either way. Okay. The last court has no further questions. No. Thank you very much, counsel. Thank you, Your Honor. Have a good trip back to D.C. Well, okay. Very quickly, okay. Let the government attorney. I just wanted to point out in terms of NACARA, when you have an ABC case like this with a special rule cancellation, there is a presumption of hardship. So he has to show seven years that he's been here, good moral character, and that it would be an extreme hardship to himself or other qualifying family members. And that hardship is presumed under the statute. So there is a very different relief on the asylum issue than NACARA. Right. But that makes him statutorily eligible. It does not mean the attorney general will grant him the relief. That is correct, Your Honor. And it may be that when this case, if this court finds that they were required to amend it as set forth in the statute, that the judge may ultimately still deny his application. But at least he'll deny the application on the merits and do it appropriately, not by failing to follow this judicial rule. Right. Okay. Thank you, counsel. Cortez-Pineda v. Holder will be submitted.
judges: Ware, Wardlaw, Gould